Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EC WASTE, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Recurrido | KLRA202300599 | *Revisión Judicial* procedente de la Junta de Subastas del Municipio Autónomo de Guaynabo<br>Solicitud de Propuesta 23-RFP-003<br><br>Sobre:<br>Cancelación de Subasta sobre Servicios de la Operación de Trasbordo, Acarreo y Disposición Final de Desperdicios Sólidos Municipales |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Ronda Del Toro y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

Comparece la parte recurrente, EC Waste LLC. (ECW), quien solicita nuestra intervención para revocar la cancelación de la Solicitud de Propuesta 23-RFP-003, *infra*, realizada por la parte recurrida, el Municipio Autónomo de Guaynabo (Municipio). Por los fundamentos que expondremos adelante, anticipamos la confirmación de la determinación administrativa. A continuación, reseñamos el tracto procesal relevante.

**I.**

Surge del expediente que examinamos que el Municipio celebró la subasta intitulada *Solicitud de Propuesta 23-RFP-003 para la Contratación de los Servicios de la Operación de Trasbordo, Acarreo y Disposición Final de Desperdicios Sólidos Municipales* (Solicitud de Propuesta 23-RFP-003).[2] La parte recurrente y Consolidated Waste Services, LLC (CONWASTE) fueron los únicos dos licitadores.[3] CONWASTE obtuvo la

---

[1] El Hon. José I. Campos Pérez sustituyó al Hon. Carlos Salgado Schwarz, por virtud de la Orden Administrativa TA-2023-212, emitida el 6 de diciembre de 2023.
[2] Refiérase al Apéndice del recurrente o del recurrido, págs. 1-39.
[3] Apéndice del recurrente, págs. 40-77; 273-309 (ECW); 78-271 (CONWASTE).

Número Identificador

SEN2024 _____

*buena pro*, según fue adjudicado el 6 de octubre de 2023 y notificado el 10 de octubre de 2023.[4] Inconforme, el 20 de octubre de 2023, ECW recurrió la decisión ante este foro intermedio.[5] Pendiente el trámite apelativo, el 9 de noviembre de 2023, notificado al próximo día,[6] el Municipio emitió la *Notificación de Cancelación de Adjudicación de la Solicitud de Propuesta 23-RFP-003*, aquí impugnada.[7] Como fundamento para la determinación, se esbozó lo siguiente:

> Consideramos necesario reevaluar las especificaciones de la solicitud de propuesta a la luz de la política pública del Municipio sobre el trasbordo, acarreo y disposición de desperdicios sólidos, así como **evaluar otras operaciones de manejo de desperdicios llevadas a cabo por el Municipio que no formaron parte de la solicitud de propuesta, como lo son los materiales reciclables**, para tener una perspectiva más abarcadora y comprensiva que beneficie el interés público.[8] (Énfasis nuestro).

A tales efectos, el Municipio solicitó la desestimación del recurso *EC Waste LLC v. Municipio Autónomo de Guaynabo*, KLRA202300546.[9] El 15 de noviembre de 2023, este Tribunal de Apelaciones dictó *Sentencia*, mediante la cual desestimó la petición de revisión judicial del recurrente por falta de jurisdicción, al ésta tornarse académica.[10] ECW solicitó infructuosamente la reconsideración del dictamen.[11]

Así las cosas, el 20 de octubre de 2023, ECW presentó el recurso de revisión del epígrafe y esbozó los siguientes señalamientos de error:

> **PRIMER ERROR SEÑALADO**
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE GUAYNABO AL CANCELAR LA SOLICITUD DE PROPUESTAS 23-RPF-003 COMO SUBTERFUGIO PARA EVADIR EL PROCESO DE REVISIÓN JUDICIAL YA INICIADO EN EL TRIBUNAL DE APELACIONES BAJO EL CASO NÚMERO KLRA202300[546].

> **SEGUNDO ERROR SEÑALADO**
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYNABO AL CANCELAR LA SOLICITUD DE PROPUESTAS 23-RPF-003

---

[4] Apéndice del recurrido, págs. 315-342; además, págs. 343-346.
[5] Apéndice del recurrente, págs. 347-384.
[6] Véase, Apéndice del recurrente, pág. 394.
[7] Apéndice del recurrente, págs. 390-393.
[8] Apéndice del recurrente, pág. 392.
[9] Apéndice del recurrente, págs. 385-389.
[10] Apéndice del recurrente, págs. 396-401.
[11] Tomamos conocimiento judicial de la *Resolución* emitida el 6 de diciembre de 2023, por virtud de la cual este foro revisor declaró No Ha Lugar la solicitud de reconsideración del recurrente.

SIN EXPLICAR LAS RAZONES QUE BENEFICIAN EL INTERÉS PÚBLICO O LOS MEJORES INTERESES DEL MUNICIPIO CON DICHA ACCIÓN, DE MANERA ARBITRARIA, MEDIANTE FUNDAMENTOS ESCUETOS, GENÉRICOS E INSUFICIENTES.

**TERCER ERROR SEÑALADO**
ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYNABO AL CANCELAR LA SOLICITUD DE PROPUESTAS 23-RPF-003, Y NO ADJUDICARLA AL POSTOR RAZONABLE MÁS BAJO, EC WASTE, QUE CUMPLIÓ CON TODOS LOS REQUERIMIENTOS DEL PROCESO Y OFRECIÓ LA MEJOR OFERTA, EN REAL BENEFICIO DEL INTERÉS PÚBLICO.

Por su parte, el 14 de diciembre de 2023, el Municipio presentó su alegato. Con el beneficio de ambas posturas, resolvemos.

**II.**

### *La revisión judicial*

Es sabido que, al revisar las determinaciones administrativas finales, los tribunales apelativos estamos compelidos a conceder deferencia, por la experiencia y conocimiento pericial que se presume tienen los organismos ejecutivos y municipales para atender y resolver los asuntos que le han sido delegados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado que las determinaciones de los organismos administrativos "poseen una **presunción de legalidad y corrección** que los tribunales debemos respetar mientras la parte que las impugna no presente la **evidencia suficiente para derrotarlas**". (Énfasis nuestro). *Rolón Martínez v. Supte. Policía*, *supra*; *Torres Rivera v. Policía de PR*, *supra*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002-1003 (2011). Por ende, nuestra intervención sólo se justifica cuando el ente administrativo haya obrado de forma arbitraria, ilegal o irrazonable. En esas circunstancias, entonces, cederá la deferencia que ostenta en las aplicaciones e interpretaciones de las leyes y los reglamentos que administra. *JP, Plaza*

*Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009). En torno a esto, en *Torres Rivera v. Policía de PR*, *supra*, el Tribunal Supremo expuso las normas básicas sobre el alcance de la revisión judicial:

[L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, **aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis nuestro). *Torres Rivera v. Policía de PR*, *supra*, pág. 628.

Así, pues, es norma asentada que **el norte al ejercer nuestra facultad revisora es el criterio de razonabilidad**. *Super Asphalt v. AFI y otro*, *supra*, pág. 821; *Graciani Rodriguez v. Garage Isla Verde, LLC*, *supra*, pág. 127; *Torres Rivera v. Policía de PR*, *supra*, pág. 626; *Empresas Loyola v. Com. Ciudadanos*, 186 DPR 1033, 1042-1043 (2012). Por lo tanto, intervendremos únicamente cuando el organismo recurrido haya actuado de una manera tan irrazonable que su actuación constituya un **abuso de discreción**. *Super Asphalt v. AFI y otro*, *supra*, pág. 821; *Graciani Rodriguez v. Garage Isla Verde, LLC*, *supra*, pág. 127; *Rolón Martínez v. Supte. Policía*, *supra*.

### *La subasta municipal*

Como se conoce, el proceso de contratación de servicios por el aparato gubernamental está revestido del más alto interés público, toda vez que aspira "promover la *inversión adecuada, responsable y eficiente de los recursos del Estado*". (Cursivas en el original). *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *ECA General Contractors, Inc. v. Municipio*, 200 DPR 665, 672 (2018). De ordinario, el procedimiento de subasta es el vehículo utilizado por el Gobierno en la adquisición de bienes y servicios. *Super Asphalt v. AFI y otro*, *supra*, págs. 820-821; *ECA General Contractors, Inc. v. Municipio*, *supra*, pág. 672. "[L]a subasta

gubernamental procura establecer un esquema que asegure la competencia equitativa entre los licitadores, evite la corrupción y minimice los riesgos de incumplimiento". *Super Asphalt v. AFI y otro*, *supra*, pág. 821; *ECA General Contractors, Inc. v. Municipio*, *supra*, págs. 672-673. Asimismo, ante la ausencia de un estatuto uniforme que regule la subasta gubernamental, cada organismo ejerce su poder de reglamentación para establecer las normas que regirán sus procedimientos de subasta. *Super Asphalt v. AFI y otro*, *supra*. A tales efectos, el Artículo 2.035 del Código Municipal, 21 LPRA secc. 7211, dispone cómo se llevará a cabo la solicitud de propuestas, conocida en inglés como "Request For Proposal" (RFP):

> (d) Solicitud de Propuestas y/o Solicitud de Propuestas Selladas, conocida en inglés como Request For Proposal (RFP), este método de licitación será utilizado para adquirir bienes, obras y servicios no profesionales que admite la negociación entre el oferente y el municipio, mientras se evalúan las propuestas recibidas. El RFP permite la compra negociada y confiere a los licitadores la oportunidad de revisar y modificar sus ofertas antes de la adjudicación de la buena pro; el municipio podrá solicitar de los licitadores la presentación de su mejor y final oferta. El RFP debe contener los parámetros que se utilizarán para la adjudicación del contrato. Es decir, los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta. La fase de negociación no creará un derecho adquirido entre las partes. Las licitaciones, mediante Solicitud de Propuestas Selladas, serán requeridas cuando el costo de los bienes, obras y servicios no profesionales exceda la cuantía de cien mil (100,000) dólares y la adjudicación es realizada por la Junta de Subastas. La invitación será emitida por la Junta de Subastas.

Huelga mencionar que, si bien el Código Municipal, *supra*, excluye del requisito de subasta pública los contratos relativos al manejo de desperdicios sólidos,[12] los ayuntamientos pueden preterir la exclusión y celebrar el proceso de subasta para la contratación de estos servicios. Por su parte, el Artículo 1.050 del Código Municipal, 21 LPRA sec. 7081, dispone para la revisión de las subastas municipales por parte de este foro intermedio:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión

---

[12] Refiérase al Art. 2.112 (k) del Cód. Municipal, 21 LPRA sec. 7334 (k).

se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio.

Finalmente, en lo que atañe al caso del título, el ordenamiento faculta a los municipios para la cancelación de la adjudicación de una subasta. En particular, el *Reglamento para la Administración Municipal*, Reglamento Núm. 8873 de 19 de diciembre de 2016 (Reglamento Núm. 8873), en su Capítulo VIII, Parte II, Sección 14 dispone como sigue:

14. Cancelación de la Adjudicación

**La Junta podrá cancelar la adjudicación antes de la formalización del contrato** o de emitida la orden de compra. Sin que se entienda como una limitación, se podrá cancelar la adjudicación bajo las siguientes circunstancias:

(a) Si el municipio ya no tiene la necesidad que originó la subasta;
(b) Cuando por alguna causa inesperada e imprevisible, se agoten los fondos asignados para la transacción o deban utilizarse para otro propósito;
(c) **Por otras razones que beneficien el interés público**.

Esta determinación será notificada por escrito y por correo certificado con acuse de recibo, a las partes involucradas y las fianzas prestadas serán devueltas. (Énfasis nuestro).

Según la letra de la norma, los ayuntamientos tienen la potestad de cancelar la adjudicación de una subasta, siempre y cuando, no se haya suscrito el contrato. Si bien se esgrimen unas razones que pueden motivar la cancelación, el listado no pretende ser taxativo. Sobre este particular, el Tribunal Supremo ha expresado que los organismos administrativos tienen derecho a "revocar la adjudicación de la subasta antes de que se formalice el contrato correspondiente". *Cordero Vélez v. Mun. de Guánica*, 170 DPR 237, 248 (2007), que cita a *Justiniano v. E.L.A.*, 100 DPR 334, 340 (1971). "El fin social que persigue la facultad de rechazar las licitaciones o de **cancelar la subasta una vez adjudicada** es conceder cierto grado de **discreción y flexibilidad** que le permita al ente administrativo proteger sus

intereses adecuadamente". (Énfasis nuestro). *Cordero Vélez v. Mun. de Guánica*, *supra*.

No obstante, nuestro máximo tribunal ha opinado que la anulación de una subasta deberá fundamentarse y expresar los beneficios de dicha actuación. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 852 (2012). Añadió el alto foro que una determinación infundada es arbitraria. *Id.*, págs. 856-857.

> Para que el derecho a obtener la revisión judicial de la decisión sea efectivo, es **imprescindible** exigir que la notificación de la decisión, además de informar la disponibilidad y el **plazo para solicitar reconsideración** o revisión, **esté fundamentada, aunque sea de forma sumaria**. (Énfasis nuestro). *Id.*, pág. 854.

**III.**

Mediante los primeros dos señalamientos de error, ECW aduce que el Municipio canceló la Solicitud de Propuesta 23-RFP-003 sin explicar las razones que benefician el interés público; y con el propósito de evadir el proceso de revisión judicial que se observaba en este Tribunal de Apelaciones. Sostiene que este proceder fue caprichoso, arbitrario e irrazonable. Ello así porque ECW no confiere credibilidad a las razones esbozadas por el Municipio para cancelar la subasta; sino que infiere que el verdadero propósito fue beneficiar al licitador agraciado.

En la presente causa, es incuestionable el derecho del Municipio a cancelar la subasta. Esto, porque la adjudicación no obliga al organismo gubernamental ni siquiera con el agraciado, hasta tanto se formalice el contrato. De hecho, la posibilidad de la cancelación fue advertida en el Aviso de Solicitud de Propuestas.[13] Igualmente, el Reglamento Núm. 8873 reconoce la cancelación de la subasta, previo a la otorgación del contrato. Estatuye la reglamentación que la notificación de la determinación a las partes se realice por correo certificado con acuse de recibo y se devuelvan las fianzas prestadas.

De otro lado, sin menoscabar la flexibilidad de los organismos administrativos, la jurisprudencia sumó otros requisitos corolarios del

---

[13] Véase, Apéndice del recurrido, pág. 1.

debido proceso de ley, a saber: que la notificación de la cancelación advierta a las partes los plazos para la revisión judicial y la consignación de los fundamentos para que dicha revisión pueda ejercitarse adecuadamente. Acerca de la expresión de los fundamentos, el Reglamento Núm. 8873 alude de forma amplia y no exhaustiva a *razones que beneficien el interés público*.

En el caso del título, debemos examinar si la cancelación de la subasta por el Municipio satisfizo los requisitos antes mencionados. Revisada la *Notificación de Cancelación* impugnada, corroboramos que ECW recibió la comunicación por correo certificado y, entre sus contenciones, el recurrente no reclamó el incumplimiento de la devolución de la fianza prestada. Del mismo modo, constatamos que el Municipio incluyó las advertencias de rigor para la revisión judicial de conformidad con el Código Municipal, *supra*. En cuanto a los fundamentos para la cancelación, según reseñamos, el recurrido explicó que consideró necesario reexaminar "las especificaciones de la solicitud de propuesta…"; así como "evaluar otras operaciones de manejo de desperdicios…" que no fueron incluidas en el RFP original. En específico, el Municipio mencionó la consideración de la disposición de los materiales reciclables, con el fin de beneficiar el interés público. Es decir, el Municipio arguyó que evaluaría la unificación de los servicios de disposición de desperdicios sólidos y los de material reciclable en un solo contrato.[14]

Evaluada la comunicación cursada al postor agraciado y al recurrente y, ante la ausencia total de prueba en el expediente administrativo que sostenga las alegaciones y sospechas de ECW, es forzoso concluir que la *Notificación de Cancelación* observó los requisitos delineados. Somos del criterio que, en su comunicación, el Municipio hizo una relación de los hechos procesales, incluyendo el trámite judicial

---

[14] Es meritorio mencionar que el Contrato de Operación y Manejo de la Planta de Reciclaje que el Municipio suscribió con Carolina Recycling Corporation, cuya vigencia era hasta el 26 de noviembre de 2023, se extendió el 9 de noviembre de 2023 hasta el 29 de febrero de 2024 para dar paso al proceso que culminará con la firma de nuevo contrato por el servicio a ser adjudicado. Refiérase al Apéndice del recurrido, págs. 347-369.

apelativo, y fundamentó de forma compendiada las razones que precedieron la cancelación: auscultar la posibilidad de solicitar propuestas combinadas de los servicios de disposición de desperdicios sólidos y los de material reciclable. Al colegir que la cancelación cumplió con los requisitos estatuidos, debemos conceder deferencia a la determinación administrativa, reconocer la presunción de corrección de su discreción y abstenernos de modificar el proceder del Municipio.

En cuanto al tercer y último error señalado, ECW pretende que, sin jurisdicción para ello, revoquemos la adjudicación de una subasta cancelada y ordenemos al Municipio a adjudicar la *buena pro* a su favor. Evidentemente, no sólo estamos impedidos de conceder un remedio de esa índole, sino que el asunto planteado, además, fue elevado ante la consideración del Tribunal Supremo de Puerto Rico,[15] por lo que no tenemos nada que proveer.

**IV.**

Por los fundamentos expuestos, confirmamos la determinación administrativa impugnada.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] El 12 de enero de 2024, ECW recurrió la decisión apelativa ante el Tribunal Supremo de Puerto Rico (CC-2024-0015).